UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK DOGALI,<br>    *Plaintiff*,<br>v.<br>STOP & SHOP SUPERMARKET COMPANY, LLC<br>    *Defendant*. | No. 3:24-cv-01937-MPS |

### RULING ON MOTION TO DISMISS

The plaintiff, Frank Dogali, brings this action against his former employer, The Stop & Shop Supermarket Company, LLC, alleging age and disability discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Count One), and the Connecticut Fair Employment Practices Act, 46a-60 *et seq.* ("CFEPA") (Count Two). ECF No. 9 ¶¶ 24–25. Defendant moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). ECF No. 13 at 1. For the reasons that follow, I grant the motion as to Count One and decline to exercise supplemental jurisdiction over Count Two.

### I.    FACTUAL AND PROCEDURAL HISTORY

The factual allegations below are taken from Dogali's amended complaint, ECF No. 9, and I accept them as true for the purposes of this ruling.

Frank Dogali is a 59-year-old man. ECF No. 9 ¶ 6. He asserts he is "overweight" to the point of disability. *Id.* ¶ 6, 8. He also has glaucoma, for which he takes medication that makes his eyes appear red. *Id.* ¶¶ 6, 13.

In 2012, he was hired by Defendant as a pharmacist, and in 2020 was promoted to the position of Pharmacy Manager at a Stop & Shop located in Westport, Connecticut. *Id.* ¶¶ 9–10. Within a week of Dogali's start date in the Westport location, he had a confrontation with store

manager Patrick Timpanelli, wherein the latter "yelled and cursed" at Dogali, stating "I am the store manager, they can come find me" and "get the Fuck out of my office." *Id.* ¶ 11. Timpanelli also "repeatedly" asked Dogali "[w]hy are your eyes red? What are you on?" *Id.* ¶ 12. He would then "laugh … in a demeaning way." *Id.* Dogali asserts that his eyes were red as a side effect of medication treating his glaucoma. *Id.* ¶ 13. Timpanelli would also say "look at you" to Dogali, which Dogali took to be a demeaning remark about his weight and red eyes. *Id.* ¶ 14.

Also in 2020, a customer became irate due to a delay in fulfilling his prescription. *Id.* ¶ 13. The customer accused Dogali of consuming medical marijuana, due to his red eyes, which Dogali informed him was a side effect of his glaucoma medication. *Id.* The customer ultimately sent a letter to the Drug Enforcement Agency with accusations to that effect, which investigated Dogali but did not bring charges. *Id.* Stop & Shop HR thereafter reprimanded Dogali for his handling of the incident, and the HR representative asked why Dogali had brought up his glaucoma to the customer. *Id.*

In May 2022, Dogali was involved in another incident with a customer. *Id.* ¶ 15. Due to a prescription error, the customer's prescription was not ready at the time of her visit. *Id.* Dogali asked her to step aside from the counter, and the customer complained to an Assistant Manager, Brad May, regarding the untimeliness of the prescription, and accused Dogali of asking her to leave the store. *Id.* May then reported this incident to HR, without verifying the customer's claims with Dogali. *Id.* Following this incident, Dogali was transferred to Defendant's Danbury location and demoted to Staff Pharmacist, receiving a pay cut of approximately $15,000. *Id.* ¶ 16.

In August 2022, Dogali was relocated to Defendant's Newton location. *Id.* ¶ 17. Soon after, he was involved in an automobile accident, and was "out of work until December 11, 2022." *Id.*

Dogali returned to work on January 2, 2023, and was then transferred to Defendant's New Milford location. *Id.* ¶ 18.

On March 1, 2023, Dogali was informed by his District Manager that he was under investigation, and instructed that he should not report to work. *Id.* ¶ 19. He was not informed as to the reason for the investigation *Id.* After two weeks, an HR representative met with Dogali and discussed several incidents related to Dogali's professionalism. *Id.* ¶¶ 19–20. These included an incident where Dogali overheard a technician giving false information to a customer and took over the conversation, which Dogali asserted that he handled in a professional manner; and a customer making allegations against Dogali for not filling prescriptions. *Id.* Dogali asserted these allegations were false and received support from the pharmacy manager. *Id.* at ¶ 20. The HR representative also asked Dogali repeatedly if he swore in the pharmacy, which Dogali denied. *Id.* Defendant's investigation lasted for a month, during which Dogali was not "allowed in his home store." *Id.*

One year later, on April 1, 2024, Dogali was called into a meeting with "Jim Denyan, HR, Marc Cooney, DPM, and John Zoldak, DPM" while working at Defendant's Danbury location. *Id.* ¶ 21. Dogali was informed that he was being terminated, and given a termination letter attributing that decision to his "unprofessional conduct." *Id.* When Dogali expressed confusion about Defendant's investigation into his conduct, Denyan stated "the decision is already made and the meeting should come to an end." *Id.* Dogali asserts that the termination was due to discrimination because of his age, weight, and glaucoma. *Id.* ¶ 23.

Dogali thereafter filed a complaint against "Stop & Shop Supermarket Region 4" with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), and received a Release of Jurisdiction from CHRO on November 6, 2024. *Id.* ¶ 4. He filed his initial complaint

on December 6, 2024, bringing claims of employment discrimination on the basis of age and disability against "Stop & Shop Supermarket Region 4" under Title VII and CFEPA, ECF No. 1, and submitted an amended complaint naming the current Defendant on January 9, 2025, ECF No. 9.

## II. LEGAL STANDARD

For a complaint to survive a motion to dismiss brought under Fed. R. Civ. 12(b)(6), it must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff need not provide detailed factual allegations, but must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court is required to view the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 230 (2d Cir. 2016).

## III. DISCUSSION

### A. Title VII

As Defendant notes, Dogali has brought his age and disability discrimination claims under the wrong statute. ECF 13-1 at 7. Under Count One, he alleges that the defendant has violated Title VII "by discriminating against the Plaintiff on account of Plaintiff's age … and disabilities." ECF No. 9 ¶ 24. Title VII provides a remedy for unlawful discrimination only on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2. "[I]t does not cover other types of discrimination, however unfair they may be." *King v. Seaboard Coast Line Railroad Co.*, 538 F.2d 581, 583 (4th Cir. 1976). Federal claims of age discrimination in employment are governed by the Age Discrimination in Employment Act of

1967, 29 U.S.C. 621 *et seq.*, and claims of disability discrimination are governed by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Because age and disability are not protected categories under Title VII, Count One fails as a matter of law. *See, e.g.*, *Colesanti v. St. Patrick's Home*, No. 92 CIV. 0657 (LJF), 1992 WL 167389, at *3 (S.D.N.Y. June 26, 1992) (dismissing age discrimination claim brought under Title VII).

Defendant urges this court to deny Dogali leave to amend his complaint under the correct statutes, and dismiss Count One with prejudice. ECF No. 13-1 at 15. As the defendant notes, Dogali was given an opportunity by the Court to address any defects in his complaint raised in Defendant's Motion to Dismiss, following which the Court would not allow further amendments. ECF No. 15. Dogali instead submitted a response[1] in which he failed to address any defects in his federal discrimination claim, or to rebut Defendant's arguments seeking its dismissal, or to mention Count One or Title VII in any way. ECF 14-1. Therefore, Defendant argues that Count One should be deemed abandoned. ECF No. 16 at 2. I agree.

"[D]istrict courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage." *Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11–12 (2d Cir. 2020). "[E]specially in the case of a counseled party[,] … a court may … infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (citation and internal quotation marks omitted). A court should "freely give leave [to amend] when justice so requires, … but it may, in its discretion, deny leave to amend for good reason, including … repeated failure to cure deficiencies by amendments previously allowed." *MSP Recovery Claims,*

---

[1] Dogali submitted his response on March 13, 2025, one day prior to the Court's order allowing him to address any defects in the complaint by filing an amended complaint. *See* ECF No. 14; ECF No. 15. He filed no further amendment or response following the Court's order within the allowed period.

*Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 84 (2d Cir. 2023) (citations and internal quotation marks omitted).

Because Dogali was given notice of the defects in his federal discrimination claim by Defendant's Motion to Dismiss, and failed under counsel to address those defects during the time period allowed by this Court or even in his opposition brief, I find that he has abandoned this claim, which in any event fails because it is brought under the wrong statute.

Therefore, I DISMISS Count One with prejudice.

**B. CFEPA**

The only remaining claim against the defendant is a state law claim for the same alleged discrimination under CFEPA, which does provide a remedy for discrimination "by the employer … because of the individual's … age … [and] physical disability." CONN. GEN. STAT. § 46a-60. Defendant urges the Court to dismiss this claim with prejudice as well. Because all federal claims have been dismissed, however, and the case has not proceeded to trial or discovery, I find it proper to decline to exercise supplemental jurisdiction, and to dismiss the state law claim without prejudice.

The district court has discretion to retain or decline a state law claim asserted against a defendant who has no federal claims pending against it. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over supplemental state law claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[T]he discretion implicit in the word 'may' in subdivision (c) of § 1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants."). However, where all federal claims are dismissed prior to trial, or indeed, as here, discovery, the Second Circuit has recommended that district courts decline to

assert jurisdiction. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") (citation and internal quotation marks omitted); *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed.") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims against the defendant in this case and DISMISSES them without prejudice. The plaintiff may pursue those claims in state court.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count One is GRANTED. Because the Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, I dismiss Count Two without prejudice.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       November 4, 2025